TINSLEY v. LOVETT ET AL.

[71 South. 817.]

1. CHATTEL MORTGAGE. *Payment. Value of property delivered. Evidence. Conveyance, in satisfaction. Reconveyance. Rent liability.*

Where a bill to set aside a conveyance of land to a mortgagee in satisfaction of the debt, defendant agreeing to a reconveyance, the mortgagee could not be charged both with the rent of the land and also with rent of a part of the same for pasturage.

2. SAME.

On such a bill the defendant, should be charged with the value of a saw and grist mill situated on the land if it was personal property, but if it was a part of the realty he should only be charged with the value of the mill rocks removed and sold by him.

Appeal from the chancery court of Neshoba county. HON. J. F. McCOOL, Chancellor.

Bill by M. T. Lovett and another against J. T. Tinsley. From a decree for plaintiffs, defendant appeals.

Appellee and wife being indebted to appellant executed a deed of trust covering their homestead in Neshoba county and mules, wagon, and crop. Shortly after the execution of this deed of trust appellee left his wife and home and went to an adjoining county, where he remained for some time. Appellant and the trustee in the deed of trust followed him into the adjoining county and took possession of the mules and wagon and returned to Neshoba county with the property.

The legal title to the homestead was in Mrs. Lovett, and appellant went to her home and informed her that unless she was willing to make a voluntary conveyance of the property in settlement of the debt that he would foreclose the deed of trust. Thereupon she conveyed the property. After this conveyance was made appellant took possession of the property, gathered and sold the crop, and sold the mules and certain mill rocks found on the place. Thereafter appellee returned to his wife and filed a bill to cancel the conveyance made by Mrs. Lovett to appellant charging oppression and fraud. Appellant denied these charges and expressed a willingness to reconvey the land and redeliver the personal property which had not been disposed of upon payment to him of such balance as might be due on the debt. The parties not being able to agree on values the case was referred to a master, who stated an account, exceptions to which were duly filed and disallowed and a decree rendered by the chancery court based upon the finding of the master, from which this appeal is prosecuted.

In the master's report he charged the appellant four hundred and ninety-five dollars for the mules, wagon, and harness, which had been disposed of. The proof showed that they had been purchased for four hundred and fifty dollars two years before. Appellant is also charged with twenty-five dollars for the use of the pasture on the farm, and is charged with one hundred and eighteen bushels of corn, at one dollar a bushel, when it is shown that only eighty-six bushels of corn was produced, worth ninety cents a bushel, and appellant is charged with fifty dollars

for hay, and two hundred dollars for a gristmill and fixtures, when it is shown that the mill rocks which were removed by appellant were not worth more than one hundred dollars and that the balance of the mill remained on the land, which was awarded by the decree of the court to the appellee.

*E. S. Richardson* and *Wells, May & Sanders,* for appellant.

*Byrd & Byrd,* for appellees.

Smith, C. J., delivered the opinion of the court.

The highest value placed upon the mules, wagon, and harness by any witness was that of appellees themselves, which was four hundred and fifty dollars, so that the evidence does not support the finding that they were worth four hundred and ninety-five dollars. It is true that the gentleman who sold the mules and wagon to appellees testified that he took their notes therefor for four hundred and ninety-five dollars, payable about a year after date, but he also stated that the price at which they were sold to appellees was four hundred and fifty dollars, and that he charged them ten per cent. interest thereon to the maturity of the note, amounting to forty-five dollars, which he added to the face thereof.

No charge should have been made against appellant for twenty-five dollars "pasture on farm," for two reasons: First, the evidence does not clearly disclose that he pastured any cattle on the land; and, second, the chancellor, in addition to the items charged against appellant by the master, charged him for rent of the land. The evidence will not support a finding that the crop produced more than eighty-six bushels of corn.

If the saw and grist mill situated upon the land is personal property, appellant should be charged with the value thereof; and it may be that the evidence discloses, as

found by the master, as to which we express no opinion, that it was worth two hundred dollars and in that event the charge is a proper one. If, however, this mill was a part of the realty, appellant should have only been charged with the value of the mill rocks belonging thereto and which were appropiated and sold by him. Since the decree of the court below must be reversed on other grounds, we will not express an opinion at this time as to whether or not this mill was a part of the realty; the evidence relative thereto being of such character as not to enable us safely so to do.

We have not been referred to any evidence, and our investigation has disclosed none, from which the master was warranted in finding that the hay was worth fifty dollars.

The evidence as to the other items complained of was in conflict.

*Reversed and remanded.*